(No. 2394—

L. G. ENGLAND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1935.*

C. J. AHERN and C. J. AHERN, JR., for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks to recover damages to his automobile and for injuries to his person, occasioned by a collision between the automobile owned and driven by claimant, and an automobile owned by the State of Illinois, and then and there operated by one Sue Fischer, an employee of the State in the Department of Conservation, it being alleged that such collision was the result of the careless, negligent and wrongful driving of the said State employee, while engaged in the performance of her duties.

The Attorney General has filed a motion to dismiss the claim for the reason that no right to an award is set forth in the complaint.

As suggested by the Attorney General:

"The rule is universal that the State is not liable for the negligence of its agents and employees, unless there is a statute making it so liable and in this State there is no such statute, and unless a claimant can show a legal or equitable liability on the part of the State for damages sustained as a result of the negligence of its employee or agent, the court has no authority to make an award."

Derby vs. State, 7 C. C. R. 145.

The position of the court upon claims so made has been repeatedly set forth in decisions to be found in *Volume 8* of the *Court of Claims Reports* and is further stated in *Crabtree* vs. *State,* 7 C. C. R. at Page 219, where it is stated:

"Before a claimant can have an award against the State, he must show that he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point out any law giving him the right to an award, he cannot invoke the principle of equity to secure the award. Where there is no legal liability, equity cannot create one. Equity is not the court's sense of moral right; it is not the power of the court to decide a case according to the high standard of abstract right, regardless of the law. * * *

"To give this statute the construction contended for by claimant would result in giving this court power to hold the State liable for the misfeasance and malfeasance of all its officers, the torts of all its servants and agents, and all damages caused by the wrongful exercise of their powers by such officers and agents. We do not believe the Legislature intended any such radical and far-reaching change in the law when it enacted the statute creating this court."

No award could properly be made by the court under the statements contained in the complaint, and the motion by the Attorney General to dismiss is therefore allowed and the claim dismissed.